11-3409-cv
Christopher Spiess v. Xerox Corp.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of September, two thousand twelve,

Present:     ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
             RICHARD C. WESLEY,
                          *Circuit Judges.*

———————————————————————————————

CHRISTOPHER SPIESS,

                          *Plaintiff-Appellant*,

            -v-                                    11-3409-cv

XEROX CORPORATION,

                          *Defendant-Appellee.*

———————————————————————————————

Appearing for Appellant:     Steven E. Laprade and Christina A. Agola, Rochester, N.Y.

Appearing for Appellee:      Margaret A. Clemens and Patrick J. Simpson, Littler Mendelson, Rochester, N.Y.

Appeal from a judgment of the United States District Court for the Western District of New York  (Telesca, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-Appellant Christopher Spiess brought suit alleging age and sex discrimination claims pursuant to the Age Discrimination in Employment Act ("ADEA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and the New York State Human Rights Law ("NYSHRL"). The district court granted Xerox's motion for summary judgment pursuant to Fed. R. Civ. Proc. 56(c). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We conclude the district court properly granted summary judgment in favor of the defendants on the grounds that plaintiff was unable to satisfy his initial burden of showing a prima facie case of discrimination under the *McDonnell Douglas* standard for the ADEA and Title VII. *McDonnell Douglas Corp. v. Green.* 411 U.S. 792, 802 (1973). The fact that numerous employees terminated for misusing Xerox's information technology systems were male and over the age of forty does not create an inference that Xerox discriminated against Spiess because Xerox also disciplined and discharged employees who were female and under the age of forty. Appellant thus did not satisfy his initial burden of establishing a prima facie case of age discrimination.

Alternatively, also pursuant to *McDonnell Douglas* the plaintiff did not raise a genuine issue as to whether the defendant's claims as to termination were pretextual. Xerox articulated a legitimate, nondiscriminatory reason for the Appellant's termination— that he violated Xerox's internet and email use policy and that his violations were more egregious than those of his co-workers, who were not discharged. As this Court has recognized, it is not the province of Courts to second-guess business decisions. What matters is why the employer took action, not whether it was wise to do so. *See Seils v. Rochester City Sch. Dist.*, 99 F. App'x 350 (2d Cir. 2004). Subsequently, when the burden shifted to Appellant, he failed to show that a reasonable jury could find "by the preponderance of the evidence, that age was a 'but-for' cause of the challenged employment action." *Gorzynski v. Jetblue Airways Corp.*, 596 F.3d 93, 106 (2d Cir. 2010).

Plaintiffs' remaining arguments are without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2